**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

NATIONAL I.A.M. BENEFIT TRUST
FUND et al.

              Plaintiffs,

 v.

BOROUGH OF BELLWOOD

              Defendant.

Civil Action No. 24-3089(EGS)

<u>**MEMORANDUM OPINION**</u>

      Pending before the Court is a Motion for Default Judgment filed by National I.A.M. Benefit Trust Fund ("Fund" or "Plan") and Yolanda Montgomery, a fiduciary on behalf of the Fund (collectively "Plaintiffs") against Defendant Borough of Bellwood ("Defendant"). Pls.' Mot. for Default J., ECF No. 8.[1] Upon consideration of the Motion, the Complaint, the exhibits thereto, and the applicable law, the Court **GRANTS** Plaintiffs' Motion for Default Judgment and awards $2,953.40 in attorney's fees and $510 in costs to the Fund.

---

[1] Except for the Trust Agreement, Ex. A to Pls.' Mot. for Default J., ECF No. 8-1, which does not contain ECF header page numbers, when citing electronic filings throughout this opinion, the Court cites to the ECF header page number, not the original page number of the filed document. For the Trust Agreement, the Court cites the original page number of the filed document.

I.    **Background**

   A. **Factual History**

   Because Defendant has failed to respond in this matter, the Court takes the factual background from Plaintiffs' Complaint, the Motion for Default Judgment, and the docket generally. *See generally* Dkt. in Civil Action No. 24-3089; Compl., ECF No. 1; Pls.' Mot. for Default J., ECF No. 8.

   The Fund is a multiemployer employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.* Compl., ECF No. 1 ¶¶ 5-6 (citing 29 U.S.C. § 1002(1), (32)). The Fund was established pursuant to a Restated Agreement and Declaration of Trust of the National I.A.M. Benefit Trust Fund ("Trust Agreement") for the purpose of "providing welfare beneficiaries to [Covered] Employees and their beneficiaries under the terms of the Plan." Pls.' Mot. for Default J., ECF No. 8 at 1 (citing Trust Agreement, Ex. A to Pls.' Mot. for Default J., ECF No. 8-1 at 8). Yolanda Montgomery is the Executive Director of the Fund, authorized to initiate litigation on behalf of the Fund under the Trust Agreement and as a fiduciary of the Plan under ERISA. Compl., ECF 1 ¶ 9; 29 U.S.C. §§ 1002(21)(A), 1132(a)(3).

   Defendant is a "a self-governing municipality of the State of Pennsylvania." Pls.' Mot. for Default J., ECF No. 8 at 2 (citing Compl., ECF No. 1 ¶ 11). Defendant entered into a

Case 1:24-cv-03089-EGS    Document 12    Filed 02/20/26    Page 3 of 12


participation agreement ("Participation Agreement") with the
International Association of Machinists and Aerospace Workers
("Union") on December 8, 2015. Pls.' Mot. for Default J., ECF
No. 8 at 2. The Participation Agreement provides that the
Defendant "agree[s] to be bound by the terms and provisions of
the Trust Agreement for the Fund and all lawful amendments."
Participation Agreement, Ex. B to Pls.' Mot. for Default J., ECF
No. 8-1 at 43.

The Fund has a Payroll Audit Policy which requires that
employers "be audited routinely every five or seven years,
depending on the circumstances, unless the Trustees
affirmatively waive the audit requirement." Audit Policy, Ex. C
to Pls.' Mot. for Default J., ECF No. 8-1 at 46. The Fund
scheduled a routine audit for the period of January 1, 2020,
through December 31, 2022, and after the Fund's designated
auditor at that time was not able to schedule an audit, the Fund
sent a letter to Defendant demanding compliance. Pls.' Mot. for
Default J., ECF No. 8 at 2 (citing Compl. ¶¶ 19, 21; Audit
Request Letter, Ex. D to Pls.' Mot. for Default J., ECF No. 8-1
at 49-50; Audit Demand Letter, Ex. E to Pls.' Mot. for Default
J., ECF No. 8-1 at 52). According to the Fund, Defendant has not
responded to the request as of the date of filing its Motion for
Default Judgment. *Id.*

**B. Procedural History**

Plaintiffs initiated this action against Defendant on October 31, 2024. *See generally* Compl., ECF No. 1. Plaintiffs brought suit under ERISA seeking legal and equitable relief for Defendant's failure to comply with an audit of its payroll records for the period of January 1, 2020, through December 31, 2022. *Id.* Plaintiffs seek to enforce Defendant's obligations to comply with terms of the Fund under ERISA §§ 502(a)(3) and 515, as codified at 29 U.S.C. §§ 1132(a)(3) and 1145. *Id.*

Plaintiffs filed a Return of Service/Affidavit of Summons and Complaint January 17, 2025. Return Serv. of Aff., ECF No. 4. Defendant was served on November 26, 2024.[2] *See id.*; Pls.' Status Rep., ECF No. 5. The Clerk of the Court entered default against the Defendant on April 11, 2025. Entry of Default, ECF No. 7. Defendant has failed to respond in this action. *See generally* Dkt. in Civil Action No. 24-3089.

On April 14, 2025, Plaintiffs filed a Motion for Default Judgment against Defendant seeking equitable relief to compel an audit and to award attorneys' fees and costs to the Fund

---

[2] In their February 24, 2025 Status Report, Plaintiffs state that originally, Plaintiffs' Counsel erroneously entered December 3, 2024 as the date of service. Pls.' Status Rep., ECF No. 5 at 1, n.1. Plaintiffs clarify that December 3, 2024 is the date that the Return of Service was notarized, but that service was effected on November 26, 2024. *Id.* It is clear from the Return of Service that service was effected on November 26, 2024. *See* Return Serv. of Aff., ECF No. 4.

pursuant to the Trust Agreement and ERISA. *See* Pl.'s Mot. for
Default J., ECF No. 8.

For the reasons set forth below, the Court **GRANTS**
Plaintiffs' Motion for Default Judgment and awards a total of
$2,953.40 in attorney's fees and $510 in costs to the Fund.

## II.  Standard of Review

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55, there is "a
two-step process for a party seeking default judgment: entry of
default, followed by entry of default judgment." *Farris v. Rice*,
No. 05-1975, 2006 WL 8435181, at *1 (D.D.C. Jan. 17, 2006). "If
a defendant has failed to plead or otherwise defend against an
action, the plaintiff may request that the clerk of the court
enter default against that defendant." *Simon v. U.S. Dep't of
Just.*, No. 20-850, 2020 WL 4569425, at *2 (D.D.C. Aug. 7, 2020)
(citing FED. R. CIV. P. 55(a)). "After the clerk's entry of
default, the plaintiff may move for default judgment." *Id.*
(citing FED. R. CIV. P. 55(b)(2)). Pursuant to Rule 55(b)(2), the
"determination of whether default judgment is appropriate is
committed to the discretion of the trial court." *Flynn v. JMP
Restoration Corp.*, No. 10-0102, 2010 WL 1687950, at *1 (D.D.C.
Apr. 23, 2010) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C.
Cir. 1980)). For the Court to determine whether default judgment
is appropriate, a "defendant must be considered a 'totally

unresponsive' party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment." *Id.* (quoting *Gutierrez v. Berg Contracting Inc.*, No. 99-cv-3044, 2000 WL 331721, at *1 (D.D.C. Mar. 20, 2000)).

> [t]he law is clear ... [that a defendant's] failure to appear and the Clerk's subsequent entry of default against it do not automatically entitle plaintiff to a default judgment. Indeed, a default is not an absolute confession by the defendant of his liability and of the plaintiff's right to recover, but is instead merely an admission of the facts cited in the Complaint, which by themselves may or may not be sufficient to establish a defendant's liability.... First, the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief.... In other words, a default judgment cannot stand on a complaint that fails to state a claim.

*Harris v. U.S. Dep't of Just.,* 600 F. Supp. 2d 129, 136 (D.D.C. 2009)(quoting *Jackson v. Corr. Corp. of Am.,* 564 F. Supp. 2d 22, 26-27 (D.D.C. 2008)(cleaned up). "Thus, unless the complaint states a claim upon which relief may be granted as to the defendants who have defaulted, default judgment is not justified." *Id.* at 136-37.

## B. The Employee Retirement Income Security Act of 1974

ERISA provides that a civil action may be brought by a fiduciary "to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to

6

obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." 29 U.S.C. § 1132(a)(3). The Court also "in its discretion may allow a reasonable attorney's fee and costs of action to either party" in an action brought under ERISA. 29 U.S.C. § 1132(g)(2)(1). The "reasonableness of the fees requested by the [plaintiff] is a 'judgment call' which only the [c]ourt can make." *Flynn v. Mastro Masonry Contractors,* 237 F. Supp. 2d 66, 70 (D.D.C. 2002) (quoting *Combs v. Coal & Mineral Mgmt. Servs., Inc.,* 105 F.R.D. 472, 474 (D.D.C. 1984)).

ERISA further provides for federal jurisdiction "in the district where the plan is administered." 28 U.S.C. § 1332(e)(2). The Plan is administered in the District of Columbia, according to Plaintiffs' Motion, and jurisdiction in this Court is therefore proper. Pls.' Mot. for Default J., ECF No. 8 at 3.

### III. Analysis

#### A. Defendant Has Defaulted

The docket shows that Defendant was served on November 26, 2024. *See* Return Serv. of Aff., ECF No. 4; Pl.'s Status Rep., ECF No. 5. Upon Defendant failing to plead or otherwise defend itself and following Plaintiffs' filing of their Affidavit in Support of Default, *see* ECF No. 6; the Clerk of the Court entered default against the Defendant on April 11, 2025. Entry

of Default, ECF No. 7. Defendant has failed to respond to this action. *See generally* Dkt. in Civil Action No. 24-3089.

### B. Plaintiffs have Stated a Claim Upon Which Relief May Be Granted and are Therefore Entitled to Default Judgment

The facts of Plaintiffs' Complaint and Motion allege that Defendant is party to a Participation Agreement that "obligated Defendant to make contributions to the Fund on behalf of covered employees." Compl., ECF No. 1 ¶ 12; *see also* Pls.' Mot. for Default J., ECF No. 8 at 2. According to the Complaint, the Participation Agreement binds the Defendant to the Trust Agreement, which gives trustees the authority "to audit at any time the payroll books and records of an Employer, as they may deem appropriate," and states that when an audit is authorized, "the contributing Employer involved shall make available [to the Fund's auditor] its payroll books and records and any other pertinent record." Compl., ECF No. 1 ¶¶ 15, 16. Pursuant to the Fund's Audit Policy, upon an employee refusing to comply with an audit, "counsel shall institute legal action to enforce the Trustees' right to conduct a payroll audit." Compl., ECF No. 1 ¶ 18.

The Complaint further alleges that on April 4, 2023, the Fund's auditor notified the Defendant via letter that the Fund's trustees authorized an audit of its payroll records from January 1, 2020, through December 31, 2022. Compl., ECF No. 1 ¶ 19.

According to the Complaint, the Fund made several more unsuccessful attempts to schedule an audit before the Fund's auditor referred the case to the legal department. *Id.* ¶ 20. The Fund sent a final letter demanding an audit on September 13, 2024, and Defendant has not responded. *Id.* ¶¶ 21-22.

Based on the facts alleged, by failing to comply with the Fund's audit requests, Defendant has violated the terms of the Plan. *See* Compl., ECF No. 1 ¶¶ 28-29. Because ERISA allows fiduciaries to seek "appropriate equitable relief (i) to redress violations [of] or (ii) to enforce . . . terms of the plan," 29 U.S.C. § 1132(a)(3); Plaintiffs have stated a claim upon which relief can be granted and are therefore entitled to default judgment.

### C. Plaintiffs Are Entitled to the Injunctive Relief Requested

Plaintiffs may seek injunctive relief to enforce the terms of the Plan under ERISA, specifically here, the terms of the Trust Agreement. 29 U.S.C. § 1132(a)(3). The terms of the Trust Agreement and the Fund's Audit Policy are clear that Defendant, bound by the Participation Agreement, is required to comply with audit requests from the Fund. *See* Trust Agreement, Ex. A to Pls.' Mot. for Default J., ECF No. 8-1 at 25-26; Participation Agreement, Ex. B to Pls.' Mot. for Default J., ECF No. 8-1 at 41-43; Audit Policy, Ex. C to Pls.' Mot. for Default J., ECF No.

8-1 at 46. The Court therefore will grant Plaintiffs' request to
enforce the terms of the Trust Agreement and order Defendant to
comply with the audit request.

### D. Plaintiffs are Entitled to the Requested Attorney's Fees and Costs

In an action brought under ERISA, the Court "in its
discretion may allow a reasonable attorney's fee and costs of
action to either party." 29 U.S.C. § 1132(g)(1). The Fund's
Audit Policy, to which Defendant is bound, further "requires an
employer to 'pay to the Fund all costs and attorneys' fees
incurred as a result of the employer's refusal to permit an
audit.'" Pls.' Mot. for Default J., ECF No. 8 at 4 (quoting Ex.
C to Pls.' Mot. for Default J., ECF No. 8-1 at 47). It has been
established that Defendant has failed to comply with Plaintiffs'
audit request and that legal action to enforce the Fund's terms
is warranted under ERISA. The remaining issue before the Court
is to determine whether the requested fees and costs are
reasonable.

Plaintiffs request a total of $2,953.40 in attorney's fees
incurred by initiating this action and a total of $510 in costs,
which includes a $405 filing fee and $105 spent on service of
process. Hemenway Decl., Ex. F to Pls.' Mot. for Default J., ECF
No. 8-1 at 54-55. Plaintiffs allege their attorneys have spent
6.5 hours on this matter to date, which was reduced by

Case 1:24-cv-03089-EGS    Document 12    Filed 02/20/26    Page 11 of 12


Plaintiffs to "remove unproductive, excessive, or redundant hours." *Id.* at 54. For the reasons explained below, the Court agrees that this "represents a reasonable amount of time to draft and file the Complaint, serve the Defendant, prepare and file the Affidavit of Entry of Default, and to prepare and draft the present motion and all supporting materials." Pls.' Mot. for Default J., ECF No. 8 at 5.

Plaintiffs' attorneys charged an hourly rate of $538 for staff attorney work and $236 for paralegal work. Hemenway Decl., Ex. F to Pls.' Mot. for Default J., ECF No. 8-1 at 54. These rates "correspond to the latest publication of the Fitzpatrick Matrix published by the Civil Division of the U.S. Attorney's Office of the District of Columbia" and "reflect the customary market rates in the D.C. area for federal litigation." *Id.*; Fitzpatrick Matrix, Ex. 2 to Hemenway Decl., ECF No. 8-1 at 60.

Noting that the Court has discretion in determining the reasonableness of fees requested, the information provided in the Plaintiffs' Declaration and exhibits thereto regarding time spent, rates charged, and costs incurred establish that Plaintiffs have "provided an accounting of the incurred attorney's fees and costs that demonstrates that the requested amounts are reasonable." *Mastro,* 237 F. Supp. at 71. The Court will accordingly award the requested fees and costs.

## IV.  Conclusion

For the reasons set forth in this Opinion, the Court hereby **GRANTS** Plaintiffs' Motion for Default Judgment. Defendant shall permit the Fund to audit its payroll records for the requested time period and shall pay to the Fund $2,953.40 in attorney's fees and $510 in costs.

An appropriate Order accompanies this Memorandum Opinion.

**SO ORDERED.**

**Signed:**        **Emmet G. Sullivan**
                **United States District Judge**
                **February 20, 2026**